UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **YUNIER NODA HERNANDEZ** | **CASE NO. 6:20-CV-01276 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WILLIAM BARR, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion To Dismiss the Petition for Writ of Habeas Corpus, pursuant to Federal Rule 12(b)(1), as moot. [Rec. Doc. 11] For the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

On September 28, 2020, Hernandez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking his release from immigration detention. In the petition, he contended he was being held in LaSalle Ice Processing Center, in Jena, Louisiana, on an immigration charge, and challenged his detention. On December 29, 2020, Hernandez was removed to Cuba. [Rec. Doc. 11-1, p. 1]

The release from custody renders Hernandez's Petition for Writ of Habeas Corpus moot, as petitioner has demanded only his immediate release through these proceedings. See *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot

case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

Based on the foregoing,

**IT IS RECOMMNEDED** that the Motion To Dismiss Pursuant To Federal Rule 12(b)(1) filed by the Government [Rec. Doc. 11], be **GRANTED**, the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 8th day of February, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE